**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **MARIO MARQUETTE MYERS a/k/a MALEIK ALI BEY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 16-2835-STA-egb** |
| **SHELBY COUNTY et al.;** | ) | |
| **Defendants.** | ) | |

---

**ORDER DISMISSING COMPLAINT,**
**CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,**
**NOTIFYING PLAINTIFF OF APPELLATE FILING FEE, AND**
**CAUTIONING PLAINTIFF ABOUT RESTRICTIONS UNDER 28 U.S.C. § 1915(g)**

---

On October 20, 2016, Plaintiff Mario Marquette Myers a/k/a Maleik Ali Bey ("Myers"), a pre-trial detainee at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). The Court granted Myers leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Shelby County,[1] Shelby County Deputy Response Team ("DRT") Deputy K. Williams, Shelby County DRT Deputy J. Griffin, Shelby County Fugitive Deputy Mr. First Name Unknown ("FNU") Carter, Shelby

[1] The Court construes the allegations against "the Shelby County Municipality and Intepol," the Shelby County Jail, and the Shelby County Sheriffs Department as claims against Shelby County itself.

County DRT Lieutenant FNU Tuggle, Nurse Ms. FNU James, Nurse Mr. FNU Haywood, and Dr. FNU Washington.

**BACKGROUND**

This is not Myers's first civil action in this Court. On March 20, 2017, the Court dismissed a case filed by Myers and imposed specific restrictions on Myers's ability to avail himself of filing *in forma pauperis*. *See Myers v. Correct Care Solutions*, No. 16-2135-JDT-cgc (W.D. Tenn. Mar. 20, 2017) (providing a synopsis of the dismissal of Myers's previous IFP cases for failure to state a claim as well as implementing filing restrictions). Even though this is now Myers' fourth suit filed in forma pauperis under the PLRA, Myers filed this action prior to March 20, 2017. Therefore, the Court will address the merits of the Complaint.

On October 4, 2016, Myers was charged with aggravated sexual battery. (https://cjs.shelbycountytn.gov, Indictment No. 1603621-16621756.) Myers's case is still pending. In the Complaint at bar, Myers alleges that on October 4, 2016, Defendants Williams, Griffin, and Carter used excessive force against Myers in an effort to compel Myers to give his fingerprints. According to Myers, the officers were booking him for the battery charge, which had already been dismissed for lack of prosecution on December 17, 2015. (Compl. at 2, ECF No. 1.) Myers contends that the officers' use of force caused cracking in Myers's thumb nails, a cut to his left thumb, and swelling in both wrists. (*Id.* at 3.) Myers alleges that Defendants Williams and Griffin placed the handcuffs on him too tightly and twisted and pulled the cuffs on Myers's wrists in order to get Myers's fingerprints. (*Id.*) Myers was seen in medical for his injuries and received a bandage and ibuprofen. (*Id.*) Myers's request for an x-ray was denied. (*Id.*) Myers now seeks an order of protection against Defendants as well as punitive, compensatory, and nominal damages in the total amount of $5 million. (*Id.* at 4.)

Myers has addressed a separate letter to the Court including additional allegations about the events of October 4, 2016. (ECF No. 6.) Myers contends that Defendants Williams and Griffin forced Myers to hang up a paid phone call. (*Id.* at 2.) Myers filed a grievance, number 420222, on October 5, 2016, and was denied relief. (*Id.*, *see also* Exhibit A-1.) Myers contends that the officers failed to answer his complaint or his appeal in a timely manner. (*Id.*) Myers's letter goes on to state that he did not receive "adequate" medical attention. (*Id.*) Myers believes he was improperly denied outside medical care from a specialist and was told by Defendant Washington that he would have to pay for x-rays. (*Id.*) Myers requests that he be seen immediately by a "qualified" physician who can perform an x-ray. (*Id. at* 5.)

**SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the pleading standards under Federal Rules of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to

the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out

in his pleading'") (quotation omitted); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants.").

## ANALYSIS

Myers filed his Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Myers seeks to hold several Shelby County jail officials liable for injuries he allegedly sustained during the fingerprint process and for the denial of appropriate medical treatment. The Court concludes, however, that Myers has failed to state a plausible claim for relief against any of these Defendants. The Court analyzes each claim in turn.

### I. Claims against Defendant Shelby County

As an initial matter, the Court holds that the Complaint fails to state a claim against Shelby County. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether a plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex*., 503 U.S. 115, 120 (1992). A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot

be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978). A plaintiff must show that there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. at 691-92. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The Complaint fails to allege any facts to show why Shelby County is responsible for a purported violation of Myers's constitutional rights. Myers has failed to allege the existence of any county policy or custom. Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Still, in order "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc*., 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must satisfy Rule 8(a)'s notice pleading requirements and give a municipality notice of the plaintiff's theory of liability. *E.g.*, *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004). Rather than identify an official policy or custom which caused his alleged injury, Myers apparently sues Shelby County because he was confined in a county institution, and Shelby County employed persons who allegedly violated Myers's rights. These allegations fail to state a claim for municipal liability against Shelby County. Therefore, Myers's *pro se* Complaint is **DISMISSED** as to Shelby County.

**II. Claims of Excessive Force**

Myers alleges that several individual jail officials used excessive force against him during his pre-trial detention at the jail. The Supreme Court held in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) that excessive force claims brought by pre-trial detainees must be analyzed under the Fourteenth Amendment's standard of objective reasonableness, rejecting a subjective standard that takes into account a defendant's state of mind. *Id.* at 2472-73. "[O]bjective reasonableness turns on the facts and circumstances of each particular case." *Id.* at 2473 (citing *Graham v.* Connor, 490 U.S. 386, 396 (1989)). The "reasonableness" inquiry is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires considerations of factors including:

> the relationship between the need for the use of force and the amount of force used; the extent the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This is not an exhaustive list, but rather an illustration of the "objective circumstances potentially relevant to a determination of excessive force. " *Id.*

Myers alleges that Defendants Williams, Griffin, and Carter forced him to give his fingerprints. (Compl. at 3, ECF No. 1.) While Myers questions the validity of the battery charge on which he was being booked, it is clear that the charge resulted from an indictment against Myers. Moreover, Myers's own allegations show that Myers was resisting the officers as they attempted to carry out their duties. The facts alleged also show that the extent of Myers's injuries was not severe. Based on the Complaint, the officers used an objectively reasonable amount of force to obtain the fingerprints, and the situation was exacerbated by Myers's refusal

to give the fingerprints. These allegations do not state a plausible claim for the use of excessive force. Therefore, Myers's excessive force claims against Defendant Williams, Griffin, and Carter are **DISMISSED**.

**III. Eighth Amendment Claim for Medical Indifference**

Myers next alleges that he did not receive appropriate medical care for his injuries. The Court holds that Myers's Complaint has failed to state such a claim. The Sixth Circuit analyzes claims for the failure to provide adequate medical care under the Eighth Amendment's deliberate indifference standard, even after the decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). *See Morabito v. Holmes*, 628 F. App'x 353, 356-58 (6th Cir. 2015) (applying the objective reasonableness standard to pretrial detainee's excessive force claims and deliberate indifference standard to claim for denial of medical care). The denial of needed medical care implicates the Eighth Amendment's right to be free from cruel and unusual punishment. An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component under *Farmer* requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id*. at 897 (internal quotation marks omitted). To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Specifically, a plaintiff must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Id*.

In this case Myers alleges that he received inadequate medical care from Defendants James, Haywood, and Washington and was denied x-rays to assess injuries to his wrists. In other words, Myers received medical treatment, just not the treatment he believes he needs. Where a plaintiff has received some medical treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Myers's claims sound in negligence or medical malpractice, which is not enough to make out a § 1983 claim. Therefore, the Court concludes that Myers fails to allege the subjective component of a claim for then denial of medical. Thus, Myers's Complaint is **DISMISSED** as to James, Haywood, and Washington.

**IV. Verbal Threats or Coercion**

Myers also alleges that Defendants Williams and Griffin used verbal threats to force him to end an important phone call. Claims for verbal abuse do not satisfy the objective component of an Eighth Amendment claim. *See Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (holding that a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and

wanton infliction of pain proscribed by the Eighth Amendment." (citation omitted)). Therefore, Myers's *pro se* Complaint fails to state a claim as to the threats issued by Defendants Williams and Griffin.

**IV. Claims against Defendant Tuggle**

This leaves Myers's claims against Defendant Tuggle for the outcome of his grievance proceeding. An inmate has no cause of action against a defendant for failing to investigate or take remedial measures to the extent the defendant was aware of the inmate's complaints. A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). A failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Myers's claims that Tuggle failed to handle his grievance according to Myers's preferences fails to state a claim. Therefore, Myers's *pro se* Complaint is **DISMISSED** as to Tuggle.

## **LEAVE TO AMEND**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). But in this case, the Court concludes that leave to amend is not warranted. Myers's claims for municipal liability and the handling of his grievance are not good at law. His

Eighth Amendment claims do not rise to the level of a constitutional tort. Taken together with the fact that the Court has placed filing restrictions on Myers, leave to amend would be futile.

**APPEAL ISSUES**

Pursuant to 28 U.S.C. §1915(a)(3), the Court must next consider whether an appeal by Myers in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Myers would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Myers nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Myers is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

## CONCLUSION

The Court **DISMISSES** Myers's *pro se* complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to amend is **DENIED** because the deficiencies in Myers's complaint cannot be cured.

For purposes of 28 U.S.C. § 1915(g), the Court already restricted Myers's ability to file new suits *in forma pauperis*. Myers has already had three dismissals of his cases as frivolous or for failure to state a claim. The Court only screened this Myers's fourth case on the merits because Myers filed it before the Court had imposed the filing restrictions. Consequently, the Court cautions Myers that he continues to be barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h), unless he is in imminent danger of serious physical injury. Any civil action filed by Myers after March 20, 2017, must be accompanied by either the $400 civil filing fee or allegations sufficient to show that, at the time of filing the action, Myers is in imminent danger of serious physical injury. If Myers submits any complaint that does not meet this standard, the Clerk will accept the Complaint for filing, and Myers will be required to remit the full filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account without regard to the installment payment procedures of 28 U.S.C. §§ 1915(a)-(b). Myers is further cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this District, the Court may impose a monetary sanction in the full amount of the civil filing fee.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 24, 2018.